Our first case is New York University v. ResMed, Inc. Mr. Beharson, you reserve four minutes of time for your rebuttal, correct? Yes, Your Honor. Okay. We're ready to start. Good morning, Your Honors, may I please support Robert Guyarza on behalf of New York University. There's many issues in this case today, and I'm happy to discuss any of them. If I may, I would like to focus on Matthews and troubled wakefulness. If we start from the beginning on Matthews and troubled wakefulness, we know that it was a coined term according to the petitioners, and there was an agreed construction for troubled wakefulness in these IPRs. That agreed construction was, as Your Honors can find on Apex 491, it is a state in which the breathing pattern is irregular, indicating that the patient is awake and anxious or uncomfortable. Not just irregular breathing patterns while awake, but regular, awake, and anxious and uncomfortable. Matthews does not teach that. If we look at the teaching in Matthews that's relied on by the Board and by ResMed, it can be found at 9011 in the appendix in column 21. If you look at the paragraph that starts at line 34, you'll see the second sentence there is the sentence that's relied on repeatedly by the Board and ResMed, and it reads, when a patient is awake, in REM sleep, or in distress, breathing tends to be more erratic. Now, I'm not sure what tends to be more erratic means. That kind of implies it was erratic beforehand, but putting that aside, the first part of the sentence is what they're relying on. The patient is awake, in REM, or in distress. That or is a disjunctive coordinating conjunction. It means that they are separate. It's either awake, in REM, or in distress. In other words, you can have erratic breathing when you're awake. You can have erratic breathing when you're in REM. It's perfectly fine. Your argument's based on your view of claim construction. It's not, Your Honor, and that's the mistake that the Board made. The Board said, and did dismiss NYU's arguments below, because it said, this is simply claim construction about the temporal and the amplitude structures of the waveform. That was incorrect. What NYU kept saying— You disagree with the claim construction that the Board arrived at. We do disagree, Your Honor. There's quite a difference between the two. Between, I'm sorry? Between the two constructions, yours and what the Board came up with. There is quite a difference, but on troubled wakefulness, the parties had agreed what the construction was. They had agreed that it was a regular breathing pattern that indicated your wake and— Just to follow up on Judge Ring's question, in terms of your proposed construction, are you contending that it impacts any of the other obviousness arguments? I know that you're now contending that it has no impact on the arguments related to Matthews. So, there's two construction issues, well, one construction issue. It's analyzing the breathing patterns. That affects all the claims. I think there's 134 claims in here. Then there's troubled wakefulness. That's a subset of claims. It's approximately, I think it's 14, maybe 15 claims. Troubled wakefulness had an agreed construction, and the problem here is that the Board talked past what NYU was saying, because NYU, what it was saying is the same thing NYU said in the briefing here, in Blue Brief, and you can find it at Blue Brief 64. NYU, crystal clear, said erratic breathing is not troubled wakefulness. Erratic breathing is what Matthews teaches can happen when you're awake, in REM, or in  Matthews does not teach that erratic breathing is indicative of being awake and in distress. And that's the problem that NYU was talking about repeatedly. NYU preserved this argument below. It's at 991 of the appendix, 2690 of the appendix, 366 of the appendix, and 6000 in the appendix. It's also littered throughout the expert reports that are cited therein. And what NYU was saying wasn't a claim construction argument. What NYU was saying was erratic breathing that was taught by Matthews is not troubled wakefulness and cannot tell you any difference between any of these states. And in fact, what NYU then said to try to prove that point was to look at how Matthews uses the information about erratic breathing. Matthews doesn't do... Which of your obviousness arguments rise and fall with us, agree with your proposed claim construction on the analyzing breathing patterns? The analyzing... So that is separate from the troubled wakefulness. So troubled wakefulness... But I'm just answering my particular question though. So which of your obviousness arguments require for you to win on that proposed claim construction? So the non-obviousness of the other claims based on claim construction, that would apply to all 134 claims. There are subsets that are discussed in the briefing about some that have snores, some that don't. But in terms of troubled wakefulness, that's separate. So it would be that all the claims could be re... All the claims... You could reverse on all the claims if you agree with the claim construction. But what I'm talking about is troubled wakefulness a lot. I think that's what you're talking about, but I want you to talk about what I want to talk about instead. So I just want to get a sense of if we disagree with you on your proposed claim construction, are you still pushing your non-obviousness arguments in a different manner? And if so, what precise ones?  And so the troubled wakefulness, what I'm talking about now, is one of those examples. Even if you agree that with the broad reading of analyzing the breathing patterns that it can be any analysis, there still has to be this teaching of troubled wakefulness. That was challenged below, not on claim construction as the board held, but on specific factual grounds and substantial evidence grounds too. And is that the only one that you would be continuing to assert, the troubled wakefulness one? On pure claim construction, yes. There are other evidentiary issues we brought up. For example, the snoring issue, the sleep sensor in a 460. Those are all separate. But on claim construction, there's just that one. And so just to clarify, if we weren't to agree with you on claim construction, you're still maintaining all of those other arguments for why, notwithstanding the claim construction, you still think that there is not substantial evidence to support fact findings on various obviousness issues? Is that right?  We're still maintaining those, yes. So on your troubled wakefulness argument, I noticed that in your brief, you say that NYU provided substantial evidence countering the claim that Matthews identifies the troubled wakefulness state. Now, that doesn't matter, right? I mean, we're supposed to just look at whether there's substantial evidence to support the finding that the board made, right? Yes, there has to be substantial evidence for the finding that the board made, but that was the point that NYU was arguing below, that there's no substantial evidence, there's no evidence really to support the idea that Matthews teaches troubled wakefulness. Troubled wakefulness, as NYU kept saying, is different than erratic breathing. Matthews only teaches erratic breathing. And perhaps the way to approach this is to look at what the board actually said and what it ruled. If you look at Apex 524 and 525, you'll see that at the bottom of Apex 524, the board, and here they're talking about Matthews and troubled wakefulness, they say, we're persuaded that Matthews' teaching adjusting the airflow pressure depending on the patient breathing erratically. The board is not finding, it's not saying- Wait, I apologize. Sure. You're in 524. 524, the sentence at the bottom, Your Honor. Thank you. It starts, We are also persuaded. What the board here is saying that Matthews teaches adjusting the airflow depending on the patient breathing erratically. It doesn't say depending on the patient breathing erratically and also being anxious. Matthews expressly taught that erratic breathing, more tending towards more erratic breathing, excuse me, is okay when you're awake. It's okay when you're in REM. But you also could be in distress. You could be in hypopnea. You could be in apnea. It never says what the agreed claim construction was, which is you have to have a regular breathing. That's fine. You can equate that with erratic breathing perhaps. But it doesn't teach awake and anxious or uncomfortable. What the board found was it teaches erratic breathing. What NYU was saying is exactly what it said on Blue Brief 64. Erratic breathing is not troubled wakefulness. It's not. And I think there were a little bit of shifts passing in the night because what the board said is, well, this is just claim construction. It's not just claim construction. If Your Honors look at what the argument was made, for example, on Apex 6000, it starts there and it goes to 6004. This is just one of the examples of that list that I gave you. What NYU is saying here is that there's no distinction between erratic breathing of wakefulness and sleep. Also, there's no distinction between REM sleep and differentiating that from troubled wakefulness. Essentially, as NYU said, Matthews is treating the CPAP machine rather than the patient. And the reason is what Matthews does is it says, okay, we have erratic breathing because you're past this threshold. Now that we have erratic breathing, it doesn't matter what state you're in. You could be awake. You could be in REM. You could be in apnea. Because you have erratic breathing, if the pressure before was going up, go down. If the pressure was going down, go up. If it was the same, keep it the same. You have quite a few representative claims identified in your brief. Which one has the limitation that relates to what you're talking about now? So I think the easiest one, Your Honor, is the 344 patent. If you look at the 344 patent, it's kind of the last page of the addendum. There it's claims one and seven would be the relevant claims. Both of those include troubled wakefulness. I think if you look at seven, it's very clear. It says the processing arrangement configured to analyze the breathing patterns to determine which of the following states. So in other words, you have to determine which of those four states the breathing pattern indicates. That's not one of the representative claims for Wentzler. Claim one, too. Identify it in the front of your brief. Claim one, too, says that patterns are indicative of troubled wakefulness state. So no matter if it's claim one or seven or any of the troubled wakefulness, you still have to detect troubled wakefulness. And as NYU repeatedly said to the board, based on what the experts are saying, based on its extensive factual argument. And the undisputed claim construction was the troubled wakefulness means anxious and? Anxious and, sorry, the construction was, it's on 491. It was a coined term, according to petitioners. That's on 168. The petitioner said this is a coined term. It's a new term. That's consistent with the inventive story here, that NYU's patents are disclosing troubled wakefulness and teaching how to actually detect troubled wakefulness versus these other states. That's what Matthews doesn't do. Because the brief construction was troubled wakefulness is an irregular breathing that's disclosed in, for example, the 344 patent. What part, what column in line number should I look for for where the patent teaches specifically how to analyze troubled wakefulness? How to analyze troubled wakefulness? Yeah, how to look at the breathing pattern and identify from the breathing pattern. So the boards and the parties relied below on 454 to 58. That's what the board held, and that's what the board said. They said at the hearing and the papers, the parties agreed that the term should be construed as a state in which the breathing pattern is irregular, indicating that the patient is awake and either anxious or uncomfortable. Wait, just to be clear about what I was asking. It was a different question. My question was, where in the specification will I find a disclosure of that, analyzing something in order to know what troubled wakefulness is? You know, how the patent discloses that it looks at the breathing pattern to detect that? So there's the site. Is there anything in the specification that tells me that? Yes, there's 454 to 58, there's 465 to 53. Are you giving me appendix pages? I'm giving the citations to the patent itself, Your Honor. The pages are five. So it would be 594, column four. Essentially, if you look at column four, starting at approximately line eight, that whole column going down, continuing to the next page, 513. That describes all the analysis that happens. And what it says, what it shows, is that the troubled wakefulness state has to be detected by amplitude and by time series in order to determine that. And what the board here held was that it was enough that Matthews taught, on 524, erratic breathing. Erratic breathing is not troubled wakefulness. You can see that in NYU's arguments. You can see that in Matthews' patent itself. Matthews' patent itself says those three. So you're well into your rebuttal time, and let's see what the other side has to say, and then we'll show your rebuttal time. Thank you, Your Honor. Counselor Newen, you may proceed. Thank you, Your Honors. Good morning, Your Honors. May it please the Court, Lisa Nguyen on behalf of Appellee Resume, Inc. Appellant wants to make this case about troubled wakefulness, but it's not. Ultimately, the inventive concept is not troubled wakefulness. In fact, the 539 doesn't even have troubled wakefulness. It doesn't have any troubled wakefulness term in its claims. And with respect to all seven patents, only two patents have it in their independent claims, and that's the 994 and 344. Troubled wakefulness does not appear in any of the other independent claims for the five other patents. So this case is not about troubled wakefulness. But regardless, we agree that troubled wakefulness does mean state in which the breathing pattern is irregular, indicating that the patient is awake and either anxious or uncomfortable. But what NYU gets wrong is what the Board actually found and what our proposed combination actually is. NYU is looking at Matthews in isolation and just looking at the erratic breathing. But if you look at Appendix 523, the page before, the page that NYU cited, that is where the Board provided substantial evidence that the proposed combination does disclose troubled wakefulness. And it's not that Matthews discloses awake or asleep. We've said Matthews does not disclose that limitation. What it is is that in combination with 7460, you have awake and irregular or erratic breathing. And Matthews itself, even in the citation that counsel read, does disclose that erratic breathing can occur when the patient is awake or in REM sleep or distressed. And Matthews recognizes that and then says, once that happens, if we go to Appendix 9011, Column 21, Line 60, when breathing becomes unstable, Matthews teaches appropriately managing any necessary pressure changes, which brings us back to what this patent is really about. If the patient is awake, let's decrease the pressure so that the patient is more comfortable. And if the patient is asleep, let's increase pressure so that you can address the… What was the column and line number you indicated, Matthews? Sure, 21, Lines 60 through 61. Okay, thank you. And so the board's decision was supported by substantial evidence because the board says on Appendix 523, we are also persuaded that 7460 teaches determining whether a patient is awake or asleep and that Matthews teaches detecting erratic breathing during wakefulness and sleep. Combining the teachings of 995, 7460, and Matthews as petitioner proposes result in a processing arrangement that determines whether the patient is awake or asleep and whether the patient is breathing erratically. So we have that you're awake and you're breathing erratically. And that's what the combination is and that's what the substantial evidence supports. What is your viewpoint on which questions we should reach if we disagree with opposing counsel's proposed claim construction on the analyzing breathing patterns? Analyzing breathing patterns, ultimately, it's supported by substantial evidence that it is disclosed, that the combination does disclose it. And remember that, again, troubled wakefulness is not in all the claims. But what NYU is trying to do is incorporate it into all the claims by requiring that analyzing breathing patterns determines all wake states and all sleep states. But the patents do not require that. Maybe I need to ask the question a little bit differently. What I'm trying to figure out is, let's say I agree or the panel agrees that the board got it right in terms of that particular construction. What is your take in terms of, I assume we need to reach all of the obviousness arguments that were also raised in terms of substantial evidence? That's correct. Whether or not the construction is correct or not, the board had substantial, I think what NYU is arguing is that regardless of the construction, there was no substantial evidence. But there absolutely was substantial evidence supporting the board's opinion with respect to that combination. And so appellant has not pointed out what's missing from that other than their construction, ultimately. And so, again, they are, despite the fact that they said they are not relying on the construction to say that the board did not provide substantial evidence, they are. Because the argument is that analyzing breathing patterns cannot determine troubled wakefulness. And one, that the construction is correct. Two, the board found that with substantial evidence that it does actually find troubled wakefulness because the combination provides, are you awake? And if there's erratic breathing. You only not determine troubled wakefulness if somehow you interpret analyzing breathing patterns to not be able to determine troubled wakefulness. And there is exactly what the patent identifies as determining troubled wakefulness in the  So if we go to, for example, the 009 patent, appendix 595 at column 5, line 25, it says, the type of irregularities seen during REM sleep differs from what's seen in wakefulness in several key parameters. The REM-associated pattern of breathing may include, for example. So this is not required. It's for example. The absence of larger breaths, especially after pauses, generally high respiratory rates and low flow rates and a tendency for clustering of small breaths. These differences in the pattern of respiratory airflow signal from those seen during troubled wakefulness allow the separation of these states and can be used to make the change in the applied pressure. And so the patent is telling you, this is one of the ways you can determine the difference between REM sleep and troubled wakefulness. And that's using a low airflow rate. And that's exactly what Sullivan 460 does in combination with Matthews. You have a low airflow rate and you have erratic breathing. And that's how you determine troubled wakefulness. NYU also tries to insert the requirement that you identify all wake states and all sleep states. But if you go to, for example, Appendix 596, which is the 009 patent, in Column 7 there's actually several examples of just identifying a sleep state or a wake state or even just identifying the sleep state. So in Column 7 at Line 10, the patent says, In this embodiment, the processing arrangement 24 may determine whether the patient is in a sleep state or a wake state. It doesn't say all. It says a. Also, at Line 21, the patent says, Thus, the processing arrangement 24 may only detect whether the patient is in a sleep state. And when the sleep state is not detected, default to assuming that the patient is in a wake state. So this goes back to the patent is not about determining the difference between troubled wakefulness and REM sleep. The patent actually provides a lot of different embodiments that allow you just to determine, in different ways, a wake state or a sleep state, and in some cases, just a sleep state. So unless your honors have any other questions, I'll submit. Counselor, you've got four minutes. Thank you. I would like to start, if I may, with troubled wakefulness. My friend said that she agreed with the claim construction, but she does not, because that's not what she was applying. Just like the board said lip service to claim construction and then said that's what we found, that's not what they found. She agreed that claim construction requires awake and anxious, not just irregular breathing pattern. Irregular breathing pattern has to show that you're awake and anxious. So it's irregular, awake, and anxious, according to the construction they agreed to. But then she said that there was substantial evidence because the combination showed that you're awake and breathing erratically. Where's the anxiousness? Matthews expressly teaches that breathing erratically can be awake and REM or distress. Where does it come together that you're awake and distress? It doesn't. That's what the construction requires, and that's what they applied. If you look at Red Brief 59, there's no doubt that this is what they're asking for. ResMed said there is no dispute that troubled wakefulness state means that the patient is awake and breathing pattern is irregular. That's wrong. That is not the construction. That is not the agreement. There is 100% dispute about that. Because exactly what NYU said below to the board said to this court, erratic breathing is not troubled wakefulness. That is not the construction. You need to have a- And the board relied on Dr. Babyhani's- I'm sorry, Your Honor. The board relied on Dr. Babyhani's expert testimony, right? An expert declaration that talked about this? On Dr. Kirkness, and there was also Bates. Yeah. They did. There's expert testimony, then. There is absolutely expert testimony, yes. Right? And there's two problems, is that the board, number one, didn't consider Bates, but they didn't consider NYU's arguments because they dismissed it as claim construction. It wasn't claim construction. NYU is very clearly saying erratic breathing is not enough. Erratic breathing is just irregular breathing pattern. The construction is an irregular breathing pattern that shows you're awake and anxious or uncomfortable. And what Matthews teaches, that one line, the words awake, REM, and distress appear once in Matthews. 44 columns, thousands of words, those words appear once in one sentence saying awake, REM, or distress. It doesn't say awake and distress. So how does this combination that the board found, how does that teach differentiating troubled wakefulness, which is irregular breathing pattern, awake and anxious, from simply being awake and having erratic breathing, which Matthews teaches is fine. It happens when you're awake. There's no indication at all in Matthews that there's erratic breathing that indicates that there's some type of distress in being awake. And that's one of the problems. The fundamental problem is that Matthews looks at erratic breathing and just says, hey, this is a number to change the pressure on. But it's not doing it in response. It's not determining the state. And it's especially not determining troubled wakefulness as construed. And unfortunately, that's what ResMed advocated for in their red brief. That's what they advocated before. They confused the board into thinking that erratic breathing means you're in distress. It doesn't mean that. Matthews expressly teaches otherwise. Erratic breathing, as Matthews teaches, can be fine when you're awake. You can be fine when you're in REM. You can also be in distress. You can have apnea. You can have hypopnea. It never says you're awake and anxious. That's what the patentees were talking about. That's what NYU was talking about below. And that's what it was talking about to this court, too. Indeed, I think that one of those confusions and where it came from is that ResMed, in some instances, as in Apex 212 and Apex 518, they used ellipses. And they used emphasis. And they used kind of this background thought to a layperson of, okay, well, erratic breathing is not normal breathing, so that must mean you're in distress. That seems to be what's going on here. But the problem is erratic breathing in Matthews, as NYU repeatedly said, is not troubled wakefulness. There's no indication that you can use that to differentiate between any state. Matthews doesn't use it. And erratic breathing in Matthews is not troubled wakefulness. The board simply said that's claim construction. At the very least, it's got to go back for the board to consider the evidence that NYU put forward and the arguments that NYU put forward instead of just saying they're claim construction. Because Matthews does not teach that troubled wakefulness state as construed. And as the red brief shows, what they were looking for wasn't the construction. It was simply erratic breathing. Okay. I think we have that argument. Thank you very much. Thank you. Thank you. Thank you, Your Honor.